```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LEROY MCKNIGHT, | Civil Action |
| Plaintiff, | No. 09-cv-5128 (NLH)(KMW) |
| v. | **OPINION** |
| ARLENE PIERRE BRYANT and NAN S. FAMULAR | |
| Defendants. | |

**APPEARANCE**:

LEROY MCKNIGHT
1101 E. Gibbsboro Rd.
Apt. # 320
Lindenwold, NJ 08021
*Pro se*

**HILLMAN, District Judge**

Plaintiff, Leroy McKnight, a pro se litigant, brings this civil rights and tort action against defendants Arlene Pierre-Bryant and the Honorable Nan S. Famular, a Superior Court Judge in New Jersey. Plaintiff alleges that, as part of a legal action in New Jersey, Pierre-Bryant lied and misrepresented facts to the state court about her relationship and interactions with plaintiff. In addition, plaintiff alleges that Judge Famular committed several constitutional and procedural errors during the state court action, effectively depriving plaintiff of due process and other legal rights.

This Court, sua sponte, dismisses, with prejudice, plaintiff's complaint against Judge Famular on the grounds of the Rooker-Feldman doctrine and judicial immunity. Moreover, this Court will

not exercise supplemental jurisdiction over plaintiff's remaining claims against Pierre-Bryant, which appear to primarily implicate causes of action arising under only New Jersey tort law. Therefore, plaintiff's complaint is dismissed entirely.

## I.  JURISDICTION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, as well as New Jersey state law.[1]  At issue is whether this Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

## II. BACKGROUND

As best may be gleaned from plaintiff's complaint, plaintiff and Pierre-Bryant were neighbors who became involved in a personal, and at times sexual, relationship, which eventually soured.  During their time together, plaintiff visited Pierre-Bryant at her apartment where they played cards, imbibed drinks, and engaged in sexual activity.  According to plaintiff, upon leaving Pierre-Bryant's apartment, he experienced strange sensations which left him feeling ill and which he seemingly attributes to Pierre-Bryant poisoning him or infecting him with an illness.  Plaintiff avers

---

[1]  It does not appear that plaintiff accurately specifies the jurisdictional grounds on which he brings this suit or the precise statutory bases for his claims.  He does, however, allege violations of the United States Constitution and New Jersey statutory and common law.  Therefore, because plaintiff is proceeding pro se, the Court will construe his complaint broadly as pursuing Section 1983 and tort causes of action.

2

that, after their relationship ended, Pierre-Bryant continuously bothered him in spite of his preference to be left alone.

In July 2009, Pierre-Bryant filed her own complaint in New Jersey Superior Court seeking a restraining order against plaintiff. In her complaint, Pierre-Bryant alleged that plaintiff harassed her and threatened to inform others, including Pierre-Bryant's son and members of her congregation, that plaintiff had contracted a disease by having unprotected sexual intercourse with her. Pierre-Bryant's complaint, says plaintiff, was littered with deceitful statements, such as falsely accusing him of harassing and disturbing her even though, plaintiff asserts, it was Pierre-Bryant who was harassing and disturbing him. As a result of Pierre-Bryant's state court action, a restraining order was issued against plaintiff on July 28, 2009, prohibiting him from communicating with Pierre-Bryant or from visiting her apartment or the church they attended. The order also prohibited plaintiff from possessing any weapons, resulting in the removal of his guns.

On October 5, 2009, plaintiff filed a pro se complaint against defendants Pierre-Bryant and Judge Famular in this Court. Lengthy and convoluted, plaintiff's complaint seemingly alleges that, as part of the state court action, Pierre-Bryant filed an untruthful complaint and lied during a hearing. Moreover, plaintiff alleges that, in adjudicating the matter, the state court, namely Judge Famular, committed several constitutional and procedural violations, which effectively deprived plaintiff of his due process

3

rights, his right to bear arms, and his right to freedom of religion.

In relief for the alleged violations, plaintiff seeks $1,000 from Pierre-Bryant and $50,000 from Judge Famular, as well as the return of his weapons.

The Court has granted plaintiff <u>in forma pauperis</u> status. Moreover, the Court, having reviewed and considered plaintiff's complaint, addresses several issues <u>sua sponte</u>.

## III. DISCUSSION

Plaintiff's <u>pro se</u> complaint apparently alleges claims for violations of Section 1983 and New Jersey statutory and common law against Judge Famular and Pierre-Bryant, respectively. The Court, <u>sua sponte</u>, considers whether it has jurisdiction over these claims and whether the doctrine of judicial immunity applies here.

### A. Standard for Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleadings, however, must "give the defendant fair

4

notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)). Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis. First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950). Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id.

Moreover, for proceedings in forma pauperis, a court shall dismiss a case at any time if the court determines that the action "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or if the action "seeks monetary relief

5

against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii).  Cf. Bintliff-Ritchie v. Am. Reinsurance Co., 285 Fed. Appx. 940, 943 (3d Cir. 2008) ("The District Court has the power to dismiss claims sua sponte under Rule 12(b)(6).").

### B.  Rooker-Feldman Doctrine

"The Rooker-Feldman doctrine applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  Barnes v. Domitrovich, 184 Fed. Appx. 164, 165 (3d Cir. 2006) (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Pursuant to Rooker-Feldman, federal courts cannot exercise jurisdiction over "a case that is the functional equivalent of an appeal from a state court judgment." Id.  "A case is functionally equivalent: (1) when the claim was actually litigated before the state court; or (2) when the claim is inextricably intertwined with the state adjudication."  Id. at 166. "[A] federal claim is inextricably intertwined with an issue adjudicated in state court when the federal court must determine that the state court judgment was erroneously entered to grant the requested relief or the federal court must take action that would negate the state court's judgment."  Id.

Here, a restraining order was imposed against plaintiff, at Pierre-Bryant's request, by Judge Famular in July 2009.  Plaintiff filed this complaint in October 2009.  Plaintiff now alleges that,

6

in violation of his constitutional rights to due process, to bear arms, and to freedom of religion, Judge Famular (1) did not provide him an opportunity to question his accuser; (2) impermissibly credited hearsay testimony in Pierre-Bryant's favor while denying his own evidence as hearsay; (3) did not dismiss Pierre-Bryant's complaint or otherwise shield against her purportedly deceitful misrepresentations; (4) accepted and condoned a court transcript that was allegedly defective insofar as a number of plaintiff's comments and arguments were removed from it; (5) did not process and deliver plaintiff's motions; and (6) was generally biased against plaintiff.  In essence, plaintiff argues that Judge Famular's judgment and decisions were deficient and deprived him of constitutionally guaranteed rights.

To adjudicate plaintiff's claims would require this Court to review the state court's decision and to pass judgment on the soundness and validity of its actions, its reasoning, and its resolution.[2]  For example, only by drawing its own legal and factual conclusions as to the legitimacy of the state court's actions could this Court determine whether the state court prevented plaintiff from examining his accuser, impermissibly considered hearsay testimony, found purportedly untruthful testimony credible, and was generally biased against plaintiff.  In

---

[2] Further illustrating this point is the fact that, at the outset of his complaint, plaintiff appears to identify this Court's jurisdiction over the present matter as "an Appeal from Superior Court['s]" decision.

so doing, this Court would, in effect, have to find that the state court acted erroneously in granting the restraining order against plaintiff.  Likewise, this Court would have to scrutinize the state court's decision making in order to award plaintiff part of his relief, which includes "[t]he return of my property (weapons), and, my name cleared, as was before 7/20/09."  Such review is intended for the appellate process.  Because the Rooker-Feldman doctrine strips federal courts of subject matter jurisdiction in limited circumstances such as the present matter, plaintiff's Section 1983 claims against Judge Famular are dismissed with prejudice.

    **C.**    **Judicial Immunity**

Even if this Court could exercise jurisdiction over some of plaintiff's claims against Judge Famular, those claims still necessarily fail on account of the doctrine of judicial immunity. "It is a well-established principle that judges are absolutely immune from suits for damages under 42 U.S.C. § 1983 when they act in a judicial capacity."  Shemonsky v. Thomas, 255 Fed. Appx. 687, 688 (3d Cir. 2007).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Id. (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)) (other internal quotation marks omitted).

There is no suggestion that Judge Famular's allegedly improper actions were performed outside of her official capacity or in the

8

absence of jurisdiction. Therefore, judicial immunity applies to shield Judge Famular from any of plaintiff's claims surviving the Rooker-Feldman doctrine. Accordingly, plaintiff's claims against Judge Famular are dismissed entirely with prejudice.[3]

### D.  Supplemental Jurisdiction

Plaintiff's remaining claims against Pierre-Bryant seem to implicate New Jersey causes of action for torts.[4] In particular, plaintiff alleges that Pierre-Bryant lied in her complaint and hearing before the New Jersey Superior Court. On his "CIVIL COVER SHEET," plaintiff checked the box next to "Assault, Libel & Slander," which, when considered in light of his factual allegations, suggests that plaintiff's paramount claim against Pierre-Bryant is that she falsely accused him in her complaint of wrongdoing and disparaged his character. In addition, plaintiff seems to allege that Pierre-Bryant poisoned or infected him with an illness and persistently harassed him. Although plaintiff's

---

[3] To the extent that plaintiff, in his vague complaint, alleges any claims against Judge Famular pursuant to New Jersey law which could, if at all, survive judicial immunity, the Court will not exercise supplemental jurisdiction over those claims for the reasons expressed below.

[4] Plaintiff's complaint gives no indication that he is alleging any federal claims against Pierre-Bryant, nor can this Court discern any from the factual allegations in the complaint. As a private individual, Pierre-Bryant is not a proper defendant in a claim brought against a state actor pursuant to 42 U.S.C. § 1983. See Brown v. Terrell, 322 Fed. Appx. 93, 94 (3d Cir. 2009) (noting that a Section 1983 claim requires a plaintiff to "'show that the alleged deprivation was committed by a person acting under color of state law'" (quoting West v. Atkins, 487 U.S. 42, 48 (1988))).

precise causes of action are unclear, they appear to be state law claims.

28 U.S.C. § 1367 reads, in relevant part,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). However, "[a] district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction.'" Oras v. City of Jersey City, 328 Fed. Appx. 772, 775 (3d Cir. 2009) (quoting 28 U.S.C. § 1367(c)(3)). "'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" Id. (quoting Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)).

Here, no considerations of judicial economy, convenience, or fairness counsel in favor of exercising supplemental jurisdiction over the pendent state claims. Therefore, because the federal claims against Judge Famular have been dismissed -- stripping this Court of its basis for federal question jurisdiction -- plaintiff's remaining claims against Pierre-Bryant are dismissed, without

10

prejudice, pursuant to 28 U.S.C. § 1367(c).

**IV.  CONCLUSION**

For the foregoing reasons, plaintiff's claims against Judge Famular are dismissed, with prejudice, for lack of subject matter jurisdiction and because of judicial immunity.  Further, plaintiff's claims against Pierre-Bryant are dismissed, without prejudice, pursuant to 28 U.S.C. § 1367(c).  An Order consistent with this Opinion will be entered.[5]


Dated: November 2, 2009          NOEL L. HILLMAN
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[5] It is worth noting that, in two letters he recently submitted, plaintiff has requested that the Court "stay" the order of the New Jersey Superior Court requiring plaintiff to forfeit his weapons and that the Court "request" that the management of plaintiff's apartment building "cease from further exterminating treatment" of his apartment.  Because plaintiff's suit has been dismissed, the Court need not address these requests, which are now moot.

11